FILED
2006 Dec-14 PM 02:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**KATONIA HAIRE,**

**Plaintiff,**

**v.**

**FRANKLIN COLLECTION SERVICE, INC., et al.,**

**Defendants.**

**Case No.: 2:06-CV-121-VEH**

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff Katonia Haire initiated this lawsuit in the Circuit Court of Jefferson County on December 21, 2005. (Doc. #1 at Compl.). Defendant Franklin Collection Service, Inc.'s ("FCS") removed the case to this court on January 19, 2006, due to the presence of federal question in the case under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et seq.* ("FDCPA") count asserted by Haire. (Doc. #1).

The court has before it FCS's Motion for Summary Judgment (Doc. #28) filed on October 30, 2006, Haire's Motion for Partial Summary Judgment (Doc. #31) filed on October 30, 2006, and Haire's Motion to Stay Pending Report and Recommendation of Magistrate Judge Harwell Davis (Doc. #32) (the "Stay Motion") filed on November 15, 2006. For the reasons explained below, the court concludes

that Haire's Stay Motion is due to be denied, FCS's Motion for Summary Judgment is due to be granted in part and denied in part, and Haire's Motion for Partial Summary Judgment is due to be denied.

## II. BURDEN ON SUMMARY JUDGMENT

As the Eleventh Circuit recently stated in *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270 (11th Cir. 2006), regarding the summary judgment standard:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

*Stamp Art*, 456 F.3d at 1273-74.

## III. STATEMENT OF FACTS[1]

### A. *Germany Graham v. Franklin Collection Service, Inc.*

On November 24, 2004, Germany Graham filed a class action complaint against FCS and Jeffery Waldo in the United States District Court, Northern District of Alabama (04-CV-03312-HGD) ("*Graham*"), alleging various FDCPA violations based upon certain letters written by attorneys Jeffery Waldo and Melissa Harrison. AF No. 4.[2] Class eligibility was determined by identifying all debtors who were sent

---

[1]The nature of the court's decision on summary judgment requires only an abbreviated statement of facts. Although there are cross-motions for summary judgment, each side must still establish the lack of genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Chambers & Co. v. Equitable Life Assur. Soc. of the U.S.*, 224 F.2d 338, 345 (5th Cir. 1955); *Matter of Lanting*, 198 B.R. 817, 820 (Bankr. N.D. Ala. 1996). The court will consider each motion independently, and in accordance with the Rule 56 standard. *See Matsushita Elec. Indus. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). "The fact that both parties simultaneously are arguing that there is no genuine issue of fact, however, does not establish that a trial is unnecessary thereby empowering the court to enter judgment as it sees fit." *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2720, at 327-28 (3d ed. 1998).

[2]The designation "AF" stands for admitted fact and indicates a fact offered by FCS that Haire has admitted in her written submissions on summary judgment, in her deposition testimony, or by virtue of any other evidence offered in support of her case. Whenever Haire has adequately disputed a fact offered by the moving party, the court has accepted the non-movant's version. The court's numbering of admitted facts (*e.g.*, AF No. 4) corresponds to the numbering of FCS's Statement of Facts as set forth in Doc. #29 and responded to by Haire in Doc. #36. A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, (AF No. 5.2) would indicate the second sentence of paragraph

one of the letters anytime from November 1, 2003, to January 1, 2005. AF No. 5.1. FCS reviewed its file and determined each and every person who was sent one of these letters. AF No. 5.2. From May 2 through May 6, 2005, FCS contacted all 320,000 members of the class and provided them notice of the settlement first by an automated telephone call approved by the Court and then by giving reference to a website designed specifically for this class action. AF No. 5.3.

On June 16, 2005, the court issued a final order approving the class action settlement (the "Class Settlement Order"). AF No. 6.1. The court's determinations were set forth as "conclusions." AF No. 6.2.

In paragraph 1, the Court defines the settlement class as "all persons residing in the United States who were sent a letter by [FCS] reporting to be from Jeffery Waldo, Melissa Harrison, their law firms, any other lawyers or law firms for the purpose of collecting a debt being serviced by [FCS]." AF No. 6.3.

In paragraph 3, the Court ordered, "Defendants (including, but not limited to [FCS], Jeffery Waldo, Melissa Harrison, their law firms, any other lawyers or law firms collecting a debt being serviced by [FCS]), are forever discharged from any and

---

5 of FCS's Statement of Facts is the subject of the court's citation to the record. Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

all claims, actions, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, of any kind or nature whatsoever, direct or consequential, foreseen or unforeseen, developed or undeveloped, arising under the FDCPA, including but not limited to those related to any collection activity engaged in by Franklin, Jeffery Waldo, Melissa Harrison." AF No. 6.4.

Paragraph 3 also forever bars any class members[3] from prosecuting FCS for any cause of action arising under or related to the FDCPA. AF No. 6.5. Finally, class members who were not located, did not return a claim form, or did not receive notice of the stipulation of settlement, forfeited all rights to payment and are barred by the releases and other provisions of the stipulation of settlement and order. AF No. 6.6.

Only 22 persons opted out of the settlement class. AF No. 7.1. Haire was not one of those opt outs. AF No. 7.2. Haire denies knowledge or notice of the *Graham* class action settlement. AF No. 8.

**B. Timeline of events applicable to Haire's lawsuit**

Haire received treatment with UAB Medical West ("UAB") and Alabama ENT Associates ("ENT") in 2004. AF No. 1. FCS was retained by UAB and ENT to collect debts Haire incurred for treatment in 2004. AF No. 3.

[3]Including Haire. *See infra*, Section III. B.

As noted above, Haire filed this lawsuit in the Circuit Court of Jefferson County on December 21, 2005. (Doc. #1 at Compl.). Haire averred in her complaint and testified in her deposition that she received a letter from Melissa Harrison during the defined time period and would therefore be a member of this class. AF No. 9. At least one of Haire's claims under the FDCPA post-dates Judge Davis's entry of the Class Settlement Order in *Graham* on June 16, 2005. (*See* Doc. #1 at Compl. at Ex. E (letter to Haire from FCS dated December 7, 2005)).

FCS filed its answer to Haire's complaint on January 26, 2006. AF No. 10.1. FCS specifically pled the *Graham* class action settlement as an affirmative defense barring Haire's FDCPA count. AF No. 10.2.

## IV. ANALYSIS

### A. Haire's Stay Motion is due to be denied.

Because it involves the procedural question of whether the court should stay any ruling on summary judgment "until such time as an interpretation may be given to this Court through a 'Report and Recommendation' from Judge Davis", *see* Doc. #32 ¶ 10, the court addresses Haire's Stay Motion before dealing with the other pending motions. In her Stay Motion, Haire primarily argues that in lieu of the undersigned making a determination as to the res judicata effect, if any, that the Class Settlement Order entered by Judge Davis has on this case, the court should defer to

Judge Davis's interpretation of the same.

In the case of *In re MDL 926 Settlement Fund*, 2:06-CV-1188-VEH, the undersigned dealt with a very similar issue. In that case, the plaintiff opposed a motion to transfer venue to the United States District Court for the District of Columbia by arguing that the parties' forum selection clause was unenforceable due to a provision contained in a preexisting settlement order, captioned "Approval of Revised Settlement Program and Injunction," which stated, in the last paragraph that:

> 5. . . .[T]his court retains exclusive, general, and continuing jurisdiction as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the settlement, including the investment, conservation, protection, allocation, and distribution of the settlement funds under the revised settlement program.

(*See id.*, Doc. 11 at 3). This is nearly equivalent to the language from Judge Davis's Class Settlement Order that Haire relies upon:

> The Court reserves, retains, and maintains continuing jurisdiction over all matters relating to the Stipulation of Settlement and this Final Order, including but not limited to the consummation, validity, interpretation, effectuation, implementation and enforcement of the Stipulation of Settlement and this Final Order, and any other orders entered pursuant thereto.

(*See* Doc. #32 ¶ 9). Similar to *In re MDL 926 Settlement Fund*, "[t]his court finds that it is neither necessary nor appropriate for [Judge Davis to assert jurisdiction and determine whether res judicata applies concerning] the [] dispute between these parties [under the terms of his Class Settlement Order.]" (*In re MDL 926 Settlement*

*Fund*, Doc. #11 at 5). Accordingly, Haire's Stay Motion is due to denied.

**B. Haire's FDCPA claims that arose on or before June 16, 2005, are barred by the Class Settlement Order but not as to any that arose after June 16, 2005.**

FCS has asserted that it is entitled to summary judgment on Haire's FDCPA cause of action based upon the doctrine of res judicata and the express language of the Class Settlement Order entered in the *Graham* case. "There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 379 (1996) (citing *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984)). Similarly, "[b]asic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply. A judgment in favor of the plaintiff class extinguishes their claim, which merges into the judgment granting relief." *Cooper*, 467 U.S. at 874.

It is appropriate for federal courts to apply state law to questions of res judicata. *NAACP v. Hunt*, 891 F. 2d 1555, 1560 (11th Cir. 1990). In Alabama, four elements are necessary to establish the doctrine of res judicata: "(1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of parties, and (4) with the same cause of action presented in both suits." *Id.*

(quoting *Hughes v. Allenstein*, 514 So. 2d 858 (Ala. 1987)).

Concerning the effect that a release has on the ability to subsequently pursue a related claim, the Supreme Court of Alabama has stated:

> New York Life and Stephens maintain that the trial court erred in denying their motions for summary judgment, arguing that, because the plaintiffs failed to opt out of the *Willson* class action, the claims asserted by the plaintiffs are barred by the *Willson* class-action settlement.
>
> The New York court entered a valid judgment, and this Court must give effect to that judgment. *See Martin v. Drummond Co.*, 663 So.2d 937, 947 (Ala.1995) (recognizing that the settlement of a prior class action bars the relitigation of claims settled in that class action). In its interpretation of a release, this Court has stated, "'The construction of a written document is a function of the court. If the document is unambiguous, its construction and legal effect are [questions] of law which may be decided, under appropriate circumstances, by summary judgment.'"

*New York Life Ins. Co. v. Robinson*, 735 So.2d 463, 466 (Ala. 1999) (footnotes and citations omitted).

Applying the above law to this case establishes that some of Haire's FDCPA claims are barred by the Class Settlement Order and principles of res judicata while others are not. The Class Settlement Order in *Graham* is a judgment on the merits in context of a class-wide settlement, and was entered by a court of competent

jurisdiction.[4]

Moreover, the Class Settlement Order which encompassed the parties' settlement agreement, released claims against FCS, and others, by class members. Haire, who was included in the definition class members, failed to opt out of the settlement. Therefore, there is a substantial identity of the parties. Finally, as the *Graham* suit sought redress for alleged violations of the FDCPA, the same cause of

---

[4]Haire does not challenge the validity of the Class Settlement Order, but rather the unfairness of its application to her. In particular, she notes that she never received any notice concerning the settlement. Concerning this issue, the court adopts the reasoning of Chief Judge Sam C. Pointer, Jr., formerly of this court, in *Hallman v. Pennsylvania Life Ins. Co.*, 536 F. Supp. 745 (N.D. Ala. 1982) in which he determined that Rule 23 does not require actual notice so long as "the notice ordered is reasonably calculated to reach the absent class members[:]"

> In reaching its conclusion that the defendant's motion for summary judgment should be granted-that the plaintiff is at this time barred by res judicata from maintaining the present action-the court must acknowledge that Rule 23 has worked to the disadvantage of the plaintiff in what appears to be an unfair manner. While this court cannot relieve the plaintiff from the consequences of being a member of a class whose rights were constitutionally resolved in the California action, there is a possible avenue for relief in the California court-through a Rule 60(b)(6) motion.

*Id.* at 749 (footnotes and citation omitted); *see also Reppert v. Marvin Lumber & Cedar Co., Inc.*, 359 F.3d 53, 56-57 (1st Cir. 2004) ("After such appropriate notice is given, if the absent class members fail to opt out of the class action, such members will be bound by the court's actions, including settlement and judgment, even though those individuals never actually receive notice.") (citing *Cooper*, 467 U.S. at 874).

action has been presented in both actions.

The scope of the release clearly and unambiguously states in relevant part that "Defendants . . . are forever discharged from any and all claims, actions, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, . . . arising under the FDCPA." (Doc. #30 at Ex. E at 24-25 ¶ 3). Additionally, the *Graham* Class Settlement Order "prohibit[s]" and "enjoin[s]" all members of the settlement class from commencing, prosecuting or asserting "any claims that are released under the Stipulation of Settlement and this Final Order." *Id.* The Class Settlement Order also states that efforts to locate and give notice to class members "are deemed and determined to be fair and reasonable[,]" and that any class members not located or not receiving notice "shall be barred by the releases and other provisions of the Stipulation of Settlement." (Doc. #30 at Ex. E at 25-26 ¶ 4). Therefore, the critical inquiry for this court is which of Haire's FDCPA claims are appropriately released ones for the purposes of this case.

Consistent with *Stephens v. Alabama State Docks Terminal Ry.*, 723 So. 2d 83 (Ala. Civ. App. 1998), cited by Haire, *see* Doc. #36 at 19, the court concludes that any of Haire's FDCPA claims that arose on or before June 16, 2005, are barred from relitigation under the language of the Class Settlement Order as released claims but those that arose after June 16, 2005, are not so barred. *Stephens*, 723 So. 2d at 87

(“We find that the release applies to injuries suffered by [the plaintiff] before he signed the release, but not to new injuries which occurred after it was signed.”); *see also Tropp v. Western-Southern Life Ins. Co.*, 381 F. 3d 591, 596 (7th Cir. 2004) ("[A] release incorporated into an order approving a class action settlement bars subsequent litigation based on the released claims.").

Accordingly, FCS’s Motion for Summary Judgment is due to be granted in part and denied in part. For those of Haire’s FDCPA claims that are not barred by the Class Settlement Order, the presence of material factual disputes pertaining to them counters against any ruling as a matter of law on liability in favor of Haire, and as a result, Haire’s Motion for Partial Summary Judgment is due to be denied.

**C. Material issues of disputed fact preclude the entry of summary judgment as to Haire’s state law claims.**

The record on summary judgment is replete with material factual disputes connected to Haire’s state law claims. Put differently, the court is persuaded that Haire has adduced sufficient evidence from which a reasonable jury could return a verdict in her favor on the pending state claims. Moreover, the court concludes that the development of the record at the pretrial stage and trial will help to better refine the evidentiary context applicable to the pending claims. Therefore, FCS has not carried its burden on summary judgment of demonstrating the absence of material

disputed issues and entitlement to judgment as a matter of law. Accordingly, that portion of its Motion for Summary Judgment is due to be denied.

## V. CONCLUSION

As analyzed above, Haire's Stay Motion is due to be denied. Summary judgment in favor of FCS is due to be granted on any of Haire's FDCPA claims that arose on or before June 16, 2005, but is due to be denied on any FDCPA claims that post-date June 16, 2005. Due to the presence of material factual disputes, FCS's Motion for Summary Judgment is due to be denied on Haire's state law claims, as is Haire's Motion for Partial Summary Judgment on any of her FDCPA claims that are not otherwise barred by the terms of the Class Settlement Order.

**DONE** and **ORDERED** this 14th day of December, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge